# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10954
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO NAVARETTE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CR-10-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ernesto Navarette appeals his jury trial conviction for felony possession of a firearm. He argues that the district court erred in refusing to give the jury a modified version of the Fifth Circuit's Pattern Jury Charge for "Witness's Use of Addictive Drugs." He argues that a modified version of the charge was appropriate because his out-of-court admissions that he possessed a firearm were introduced during the trial and because the evidence supported a finding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10954

that those admissions were made while he was being treated in the emergency room of a hospital and while he was under the influence of a pain killer.

We review a district court's failure to provide a requested jury instruction "under an abuse of discretion standard, affording the trial court substantial latitude in describing the law to the jurors." *United States v. Rios*, 636 F.3d 168, 171 (5th Cir. 2011). We will reverse a district court for refusal to give a jury instruction only "if the proposed jury instruction was (1) substantively correct, (2) not substantively covered in the jury charge, and (3) concerned an important issue at trial, such that failure to give the requested instruction seriously impaired the presentation of a defense." *United States v. Jones*, 132 F.3d 232, 242 (5th Cir. 1998).

Navarette concedes that the Fifth Circuit's Pattern Jury Charge for "Witness's Use of Addictive Drugs" was not, in its original form, applicable in his case because he was not a witness during his trial. Moreover, the jury was instructed that, when determining whether Navarette's out-of-court statements were knowingly and voluntarily made, it should consider the evidence concerning such statements "with caution and great care" and that it "should give such weight to the statement[s]" as it felt it deserved "under all the circumstances[,]" including Navarette's "physical and mental condition . . . and all the other circumstances in evidence surrounding the making of the statement[s]." Accordingly, the substance of Navarette's requested instruction was already substantially covered by the jury charge. Finally, Navarette was able to adequately present his defense that his out-of-court statements were not reliable because of his physical condition and the medication he was given at the hospital. Accordingly, the district court did not abuse its discretion in refusing to include the requested jury instruction in the jury charge. *See Rios*, 636 F.3d at 171. The district court's judgment is therefore AFFIRMED.